1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

ROBERT RENTERIA,

CASE NO. 09cv1195 BTM(JMA)

12

Plaintiff,

**ORDER DENYING MOTION TO DISMISS**

vs.

13

NATIONWIDE CREDIT, INC.,

14

Defendant.

15
16

    Defendant Nationwide Credit, Inc., has filed a motion to dismiss Plaintiff's Complaint

17

for failure to state a claim.  For the reasons discussed below, Defendant's motion to dismiss

18

is **DENIED**.

19
20

### I.  <u>FACTUAL BACKGROUND</u>

21

    On June 2, 2009, Plaintiff commenced this action.  In his Complaint, Plaintiff alleges

22

that (1) Defendant constantly and continuously places collection calls to Plaintiff seeking and

23

demanding payment for an alleged debt (Compl. ¶ 12); (2) Defendant calls from 877-377-

24

6493 and "blocked" phone numbers and hangs up without leaving a voicemail message

25

(Compl. ¶ 14); (3) Defendant calls Plaintiff and does not provide meaningful disclosure of the

26

caller's identity (Compl. ¶ 15); (4) Defendant calls Plaintiff and fails to state that the call is

27

from a debt collector (Compl. ¶ 16); (5) Defendant called Plaintiff and threatened to garnish

28

Plaintiff's wages but has not done so (Compl. ¶ 17); (6) Defendant called Plaintiff and

1  threatened to take Plaintiff's home even though such action would not be lawful (Compl. ¶¶
2  18, 20.e); and (7) Defendant did not send Plaintiff a debt validation letter as required by 15
3  U.S.C. § 1692g(a).  (Compl. ¶¶ 19, 20k.)

4       In Count One, Plaintiff alleges that Defendant violated the Fair Debt Collection
5  Practices Act ("FDCPA"), specifically, 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e(4),
6  1692e(5), 1692e(10), 1692e(11), and 1692g(a)(1)-(5).   In Count Two, Plaintiff alleges that
7  Defendant violated the Rosenthal Fair Debt Collection practices Act ("RFDCPA"), specifically,
8  Cal. Civ. Code §§ 1788.10(e), 1788.11(b), 1788.11(d), 1788.11(e), and 1788.17.

9

10  **II.  <u>STANDARD</u>**

11       Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain
12  statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair
13  notice of what the claim is and the grounds upon which it rests. <u>Conley v. Gibson</u>, 355 U.S.
14  41, 47 (1957).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should
15  be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient
16  facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696,
17  699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in
18  plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.
19  <u>See</u> <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although
20  detailed factual allegations are not required, factual allegations "must be enough to raise a
21  right to relief above the speculative level." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555
22  (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires
23  more than labels and conclusions, and a formulaic recitation of the elements of a cause of
24  action will not do." <u>Id.</u>

25  ///
26  ///
27  ///
28  ///

### III.  DISCUSSION

Defendant argues that Plaintiff has not pled sufficient facts to support his claims under the FDCPA and the RFDCPA.  The Court disagrees.

Relying on Townsend v. Chase Bank USA N.A., 2009 WL 426393 (N.D. Cal. Feb. 15, 2009), Defendant argues that a plaintiff alleging violations of the FDCPA or the RFDCPA must identify the persons making the communications at issue, the dates of those communications, and the contents of each alleged communication.  However, the Court does not agree with Townsend to the extent that it holds that claims under the FDCPA or the RFDCPA are subject to a heightened pleading standard akin to the Rule 9(b) pleading standard for fraud.

The allegations of Plaintiff's Complaint are similar to those in O'Donovan v. Cashcall, Inc., 2009 WL 1833990 (N.D. Cal. June 24, 2009), where the court held that the allegations in the complaint satisfied the low pleading threshold established by Rule 8(a).  The complaint in O'Donovan alleged that plaintiffs were called "multiple times each day," the callers aggressively demanded payments, the callers made misrepresentations and yelled and made threats, and the callers contacted third parties, including family members, in an attempt to collect plaintiffs' debts.  Id. at * 6.  The district court explained that although the allegations were rather skelatal, plaintiffs were not required to plead all details of their claim.  Id.  The court held that the allegations gave defendants fair notice of the grounds for the claim against them, and were sufficient to state a claim for relief under the RFDCPA.  Id.

Here, as in O'Donovan, Plaintiff specifies the conduct of Defendant that violated the FDCPA and RFDCPA – i.e., constantly and continuously calling, calling from blocked numbers and failing to state that the call is from a debt collector, threatening to garnish Plaintiff's wages, threatening to take Plaintiff's home, and failing to send a debt validation letter – even though he does not detail the contents of each communication, the dates of the communications, the number of calls, or the identity (if known) of the caller.  The Court holds that Plaintiff has pled sufficient facts to support his claims under the FDCPA and RFDCPA. Defendant can learn more details about the communications at issue through discovery.

1    Defendant complains that due to Plaintiff's failure to state a time frame during which

2  the alleged violations took place, Defendant cannot ascertain whether Plaintiff's claims are

3  barred by the statute of limitations.  Again, Defendant's recourse is to conduct discovery on

4  the matter and bring a motion for summary judgment if it turns out that Plaintiff's claims are

5  time-barred.  See Avco Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982)

6  (explaining that when a complaint does not show on its face that the limitations period has

7  run, the statute of limitations defense may be raised by motion for summary judgment); Cf.

8  Osorio v. Tran, 2008 WL 4963064, * 2 (N.D. Cal. Nov. 19, 2008) ("[I]n this circuit and district,

9  defendants cannot use Rule 12(e) motions to force plaintiffs to allege specific dates, even

10 to determine the applicability of a possible statute of limitations defense.")

11

12                              **IV.  CONCLUSION**

13    For the reasons discussed above, Defendant's motion to dismiss is **DENIED**.

14 Defendant shall file an answer to the Complaint within 20 days of the entry of this Order.

15 **IT IS SO ORDERED.**

16

DATED:  August 27, 2009

17

18

                    Honorable Barry Ted Moskowitz
19                    United States District Judge

20

21

22

23

24

25

26

27

28

4